# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

**February 26, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**PAMELA A. ARTHUR,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0311**  (BOR Appeal No. 2049880)
                     (Claim No. 2000012939)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**COMMUNITY PROGRESS COMMITTEE, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Pamela A. Arthur, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 9, 2015, in which the Board affirmed a September 8, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 11, 2013, decision denying authorization for an office visit with Bennett Orvik, M.D., that occurred on October 10, 2013. Additionally, the Office of Judges affirmed the claims administrator's March 26, 2014, decision denying reimbursement for travel expenses associated with an office visit with Dr. Orvik that occurred on March 20, 2014. Finally, the Office of Judges affirmed the claims administrator's April 1, 2014, decision denying reimbursement for an office visit with Dr. Orvik that occurred on March 24, 2014. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Arthur was injured on August 9, 1999, in the course of her employment as a certified nursing assistant while attempting to move a non-ambulatory patient. On November 9, 1999, her claim for

1

workers' compensation benefits was held compensable for a sacroiliac sprain. The diagnoses of lumbar sprain, neck sprain, headache, and sciatica were specifically rejected as compensable components of the claim. From 2001 until 2012, Ms. Arthur's primary care physician, Dr. Orvik, repeatedly requested authorization for a lumbar spine MRI in response to Ms. Arthur's complaints of lower back pain. In all, three requests for authorization of a lumbar spine MRI were denied based upon a finding that the lumbar spine is not a compensable component of the claim. The requests were also denied based upon a finding that Ms. Arthur's current symptoms are attributable to pre-existing degenerative changes.

On September 12, 2012, ChuanFang Jin, M.D., performed an independent medical evaluation. She noted that a lumbar spine MRI was performed on June 4, 2012, which revealed degenerative changes at L4-5 with a bulging disc and degenerative disc disease with a disc protrusion at L5-S1. Further, Dr. Jin noted that Ms. Arthur previously underwent two additional MRIs which revealed the progression of disc degeneration at L5-S1. She diagnosed Ms. Arthur with chronic lower back pain with radiographic evidence of lumbar disc disease. Dr. Jin then opined that Ms. Arthur's gradually worsening back problems are most likely pre-existing and are caused by the natural progression of her degenerative disc disease.

On February 26, 2013, the claims administrator authorized continued office visits with Dr. Orvik, along with the continued use of the medication Cyclobenzaprine, from February 26, 2013, through March 26, 2013, in order to allow time for Ms. Arthur to secure an alternative method of payment for her treatment. The claims administrator rendered its decision based upon its determination that continued treatment with Dr. Orvik will no longer be covered per the conclusions expressed in Dr. Jin's report. On September 26, 2013, the claims administrator denied a request for reimbursement of travel expenses following a September 23, 2013, office visit with Dr. Orvik.[1]

On October 11, 2013, the claims administrator denied authorization for an office visit with Dr. Orvik that occurred on October 10, 2013. On March 26, 2014, the claims administrator denied a request for reimbursement of travel expenses incurred following a March 20, 2014, office visit with Dr. Orvik. On April 1, 2014, the claims administrator denied a request for reimbursement for an office visit with Dr. Orvik that occurred on March 24, 2014. In an undated letter addressed to the claims administrator, Dr. Orvik stated that Ms. Arthur has experienced chronic lower back pain following the August 9, 1999, injury for which he is currently treating her. He further stated that authorization for ongoing office visits with him is necessary in order to ensure that her condition and ongoing treatment are adequately monitored.

In its Order affirming the October 11, 2013; March 26, 2014; and April 1, 2014, claims administrator's decisions, the Office of Judges held that the evidence of record fails to establish that ongoing office visits with Dr. Orvik are necessary for the treatment of the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 9, 2015. On appeal, Ms. Arthur asserts that she is entitled to reimbursement for all expenses associated with her ongoing visits to Dr. Orvik because he is her primary care physician and he has indicated that her current condition arises from the compensable August 9, 1999, injury.

---

[1] There is no indication that either the February 26, 2013, claims administrator's decision terminating continued authorization of continued office visits with Dr. Orvik or the September 26, 2013, claims administrator's decision denying a request for reimbursement of travel expenses associated with an office visit to Dr. Orvik were ever appealed.

The Office of Judges found that the only evidence of record interpreting the results of the June 4, 2012, MRI is Dr. Jin's independent medical evaluation report, in which she attributes the results of the MRI to pre-existing progressive degenerative disc disease that is unrelated to the August 9, 1999, injury. Further, the Office of Judges took note of prior decisions denying Ms. Arthur's requests for treatment of the lumbar spine based upon the conclusion that her current condition is attributable to degenerative disc disease and is unrelated to the compensable injury.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The record clearly indicates that the lumbar spine has never been added as a compensable body part in the instant claim. Further, as was noted by the Office of Judges, numerous prior decisions have denied authorization for treatment of the lumbar spine based upon a finding that the lumbar spine is not a compensable component of the claim and based upon a further finding that Ms. Arthur's current symptoms arise solely from pre-existing degenerative changes. Finally, the claims administrator notified Ms. Arthur that after March 26, 2013, office visits with Dr. Orvik would no longer be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II


**DISSENTING:**
Chief Justice Menis E. Ketchum

3